IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARREN THOMAS TERRELL,           )
                                 )
        Petitioner,              )
                                 )
-vs-                             )   Case No. CIV-19-908-F
                                 )
SHARON McCOY, WARDEN,            )
                                 )
        Respondent.              )

## ORDER

Petitioner Darren Thomas Terrell, an Oklahoma prisoner appearing *pro se*, commenced this action seeking habeas relief pursuant to 28 U.S.C. § 2254. The court referred the matter to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner filed an amended petition for a writ of habeas corpus raising two distinct grounds for relief, to which respondent, Sharon McCoy, responded, and to which petitioner replied. Upon review of the parties' submissions, Magistrate Judge Erwin issued a Report and Recommendation, recommending that petitioner's amended petition for a writ of habeas corpus be denied. Petitioner has filed an objection to the Report and Recommendation.

With respect to petitioner's claim of prosecutorial misconduct during the opening statement in his trial, Magistrate Judge Erwin determined petitioner had not exhausted his state-court remedies and the court should apply an anticipatory procedural bar to the unexhausted claim. In his objection, petitioner does not challenge Magistrate Judge Erwin's determination as to the claim. The court finds

petitioner has waived the right to appellate review of the factual and legal questions with respect to the claim. *See*, Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010). The court accepts, adopts, and affirms the determination of Magistrate Judge Erwin regarding petitioner's claim of prosecutorial misconduct during the opening statement in his trial.

As to petitioner's claim of prosecutorial misconduct during the sentencing phase of his trial, Magistrate Judge Erwin determined the decision of the Oklahoma Court of Criminal Appeals ("OCCA") reversing its previous case law prohibiting a prosecutor from introducing evidence regarding parole and suspended sentences was a matter of state law unreviewable on federal habeas and that the decision of the OCCA that the statements made by the prosecutor regarding petitioner's prior convictions and sentences was neither contrary to, nor an unreasonable application of Supreme Court law, nor did it represent an unreasonable application of the law to the facts in the case. Petitioner objects to Magistrate Judge Erwin's determination regarding this claim.[1] In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court concurs with the determination of Magistrate Judge Erwin. The court specifically agrees that the decision of the OCCA regarding the prosecutor's statements is neither contrary to, nor an unreasonable application of Supreme Court law, nor

---

[1] In his filing, petitioner argues, in part, the Department of Corrections "pen pack which [was] used as [an] enhancer to increase his sentence should be proved beyond a reasonable doubt . . . as the rational of the Supreme Court hints in cases like *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000); *United States [v.] Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005); and *Alleyne [v.] United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013). Doc. no. 34, p. 2. The court declines to address the argument. *See*, Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

does it represent an unreasonable application of such law to the facts in the case.[2] The court accepts, adopts, and affirms the determination of Magistrate Judge Erwin regarding petitioner's claim of prosecutorial misconduct during the sentencing phase of his trial. The court further accepts, adopts, and affirms Magistrate Judge Erwin's recommended ruling that petitioner's amended petition for a writ of habeas relief under § 2254 be denied.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

When the court denies a habeas petition on procedural grounds-such as procedural default—without reaching the merits of the underlying constitutional claim, petitioner must show "that jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right *and* that

---

[2] In the Report and Recommendation, Magistrate Judge Erwin stated that petitioner had cited no Supreme Court cases supporting his contention that the prosecutor's statements violated the Due Process Clause. Petitioner objects, arguing that he cited Donnelly v. DeChristoforo, 416 U.S. 637 (1974), "the controlling case law for prosecutorial misconduct." Doc. no. 34, p. 3. Nevertheless, the court is not persuaded that the OCCA's decision was contrary to, or an unreasonable application of Donnelly, or an unreasonable application of that law to the facts in the case.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Upon review, the court concludes that petitioner cannot make the requisite showings. Therefore, the court denies a certificate of appealability.

Accordingly, the Report and Recommendation (doc. no. 33) issued by United States Magistrate Judge Shon T. Erwin on December 30, 2020 is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**. Petitioner Darren Thomas Terrell's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. no. 30) is **DENIED**. A certificate of appealability is also **DENIED**. Judgment shall issue forthwith.

IT IS SO ORDERED this 26th day of January, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0908p004.docx